# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 97-20535
Summary Calendar

---

GERTRUDE JANIK,

Plaintiff-Appellant,

versus

LAMAR INDEPENDENT SCHOOL DISTRICT;
KATHY GRAEBER RALEY,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-5675)

---

May 11, 1998

Before POLITZ, Chief Judge, DUHÉ and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Gertrude Janik appeals an adverse grant of summary judgment, contending that the district court erred in dismissing her first amendment claim of wrongful termination and that the defendant Kathy Graeber-Raley was not entitled to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

qualified immunity. Our review of the record and the district court's opinion persuades that even when viewed in a manner most favorable to Janik, the comments at issue were motivated by her private concerns, occurred in the privacy of the workplace, and decidedly did not occur against a background of ongoing public debate. Neither the form, content, nor context of Janik's expression of frustration in performing her work with workman's compensation claims supports the proposition that Janik was addressing a matter of public concern.[1] The district court did not err in its grant of summary judgment to the defendants.[2] Because Janik failed to raise a genuine issue of material fact on the merits of her first amendment claim, we affirm the district court's grant of summary judgment without reaching the issue of qualified immunity.[3] We are not bound to accept the district court's rationale for its decision and are free to affirm on alternative grounds.[4] We do so.

AFFIRMED.

---

[1] **Wallace v. Texas Tech. Univ.**, 80 F.3d 1042 (5th Cir. 1996); **Dodds v. Childers**, 933 F.2d 271 (5th Cir. 1991).

[2] **Cabrol v. Town of Youngsville**, 106 F.3d 101 (5th Cir. 1997); **Fowler v. Smith**, 68 F.3d 124 (5th Cir. 1995).

[3] **Wallace**, 80 F.3d at 1047.

[4] **Ross v. Midwest Communications, Inc.**, 870 F.2d 271 (5th Cir. 1989).